UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:07CV115-J

KEVIN M. LACER                                                                                          PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Kevin Lacer's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claims for Disability Insurance Benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

Plaintiff filed an application for benefits on December 18, 2003 alleging that he became disabled on November 26, 2003, at age 37 from degenerative osteoarthritis (Tr. 58). Plaintiff worked in the past as a fiberglass worker, boat mechanic, and Navy Seaman (Tr. 69). He has a tenth grade education and a GED. He also received training in auto mechanics and outboard motor repair (Tr. 215).

Following the initial hearing on September 15, 2005 at which plaintiff and a vocational expert offered testimony, Administrative Law Judge John Lawrence ("ALJ") found that the claimant has severe impairments of osteoarthritis in the left leg and knee, status post motorcycle accident that prevent him from returning to any of his previous work. Nonetheless, the ALJ found that he remains capable of performing a significant range of sedentary work. The Appeals Council subsequently vacated and remanded ALJ Lawrence's decision for further consideration. A subsequent hearing

was held on May 17, 2006 after which the ALJ found the claimant capable of performing some light and sedentary work (Tr. 21). Plaintiff appeals from this unfavorable decision.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ erred by 1) rejecting portions of the assessment from Dr. Stan Go, his treating physician; 2) rejecting the claimant's testimony regarding his pain and discomfort without setting forth good reasons; and 3) rejecting plaintiff's testimony that his discomfort and swelling is so great that they require elevation of his legs for 1-2 hours during the day for pain relief.

Dr. Stan Go is the claimant's treating physician from the VA facility in Fayetteville, North Carolina who completed a "Work Restriction Evaluation" indicating the claimant's work abilities (Tr. 145). The form indicates that the claimant is capable of intermittent sitting for eight hours a day, and intermittent walking, lifting and standing for one hour a day each. In addition, there is a lifting restriction indicated from zero to 10 pounds, a restriction from the use of foot controls or repetitive movement, and restrictions from exposure to heights and extreme cold. Dr. Go indicates that the claimant can work for eight hours a day, with breaks to get up and stretch every 1 to 2 hours. The claimant urges that Dr. Go's restrictions as set forth in the evaluation form preclude the ALJ's conclusions that he is able to lift 20 pounds occasionally, 10 pounds frequently, stand/walk for intervals of 1-11/2 hours, and sit for intervals of 1-11/2 hours.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a

treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

In this case, the ALJ purports to accept the findings of Dr. Go in determining the claimant's residual functional capacity, but with some departures based upon the claimant's own testimony:

> Dr. Go opined the claimant could sustain regular and continuing work during an 8-hour workday provided the claimant takes breaks to stretch and rest. The doctor specifically opined that claimant could stand for 1 hour, walk for 1 hour, and lift up to 10 pounds, but Dr. Go also opined the claimant could not push or pull with his left lower extremity or work around occupational hazards. The undersigned found Dr. Go's assessment generally consistent with the medical evidence of the claimant's left lower extremity impairment, such as the x-ray evidence of the claimant's osteoarthritis. The undersigned determined the claimant could lift up to 20 pounds occasionally based upon the claimant's own admission during the first hearing. The undersigned found the claimant's activities of driving, watching television, and working on a computer consistent with a finding the claimant could tolerate sedentary-level activities, while the claimant's admitted abilities to wash dishes, wash laundry, weed eat, mow his yard with a lawn mower, and occasionally cook were consistent with a finding the claimant could tolerate some activity in excess of sedentary work activities. The undersigned generally agreed, however, with Dr. Go's nonexertional limitations and limited the claimant to occasional stooping, balancing, kneeling, and crouching while precluding the claimant from operating food pedal controls with his left lower extremity, working around hazardous machinery, or climbing ladders, ropes, or scaffolds. In an effort to acknowledge the claimant's left leg pain and avoid exacerbating his pain, the undersigned also

> provided opportunities for the claimant to elevate his leg during breaks and lunch periods. (Tr. 19-20)

Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, <u>Howard v. Commissioner</u>, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, <u>Cohen v. Secretary of HHS</u>, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her residual functional capacity, <u>Her v. Commissioner</u>, 203 F.3d 388, 391-392 (6th Cir. 1999).

In this instance, the ALJ based his RFC findings upon the assessed limitations from Dr. Go, with the exception of the noted modifications based upon the claimant's own testimony of activities that he can still perform. Plaintiff's testimony during the first hearing indicated that he could lift 20 pounds every now and then, pick up a bag of dog food, and sit/stand/walk about 1 to 1 1/2 hours each (Tr. 255). In his decision, the ALJ found claimant capable of both some light level jobs – consistent with the ability to lift 20 pounds as indicated in the claimant's hearing testimony – and sedentary jobs – which would not require lifting in excess of 10 pounds. The vocational expert identified both light and sedentary level jobs that would be available to claimant. The Court finds that the ALJ's RFC findings are supported by substantial evidence and are entitled to this Court's deference. Additionally, the Court finds that the ALJ's treatment of the treating physician's opinions comports with applicable law, and that the ALJ stated good reasons for adopting those findings, with the few modifications as noted.

The claimant also argues that the ALJ's credibility findings were legally insufficient, as the ALJ improperly rejected his complaints of disabling pain without setting forth good reasons. He contends that the ALJ erred in using the his ability to drive a car, use a computer, wash dishes, do

5

laundry, cook, use a weed eater, and mow the grass with a riding mower to discredit his subjective complaint of disabling pain.

> SSR 96-7p provides instruction on credibility evaluation as follows:
>
> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Your daily activities;

2) The location, duration, frequency, and intensity of your pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

6) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ determined that while the claimant's leg complaints are consistent with the evidence of osteoarthritis, the ultimate allegation that he cannot sustain regular and continuing work is inconsistent with his wide range of daily activities (Tr. 20). In the paragraph addressing credibility, the ALJ finds it significant that his daily activities include driving, working on a computer, washing dishes, washing laundry, cooking, weed eating, and mowing on a riding lawn mower. In addition, the ALJ "notes the incongruity of the claimant's allegations of disabling leg pain and his admitted ability to mow and weed eat his yard – activities seldom performed by individuals with leg pain so severe they cannot work. The undersigned also notes the claimant's failure to seek consistent care for his alleged pain, despite his possession of medical insurance, casts substantial doubt on the credibility of his allegations of physical pain." (Tr. 20)

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). While plaintiff disagrees with the ALJ's rejection of his credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the claimant's activities of daily living. Accordingly, the Court declines to disturb the ALJ's credibility findings.

Finally, the claimant argues that the ALJ improperly rejected his testimony that his leg discomfort and swelling are so great that they require elevation of his legs at least one to two hours during the day for relief of pain.  The vocational testimony included clerical jobs that would not be eliminated despite the need to elevate the leg for one to two hours per day, assuming accommodations were made.  Accordingly, the Court rejects this argument as unpersuasive.

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court.  A Judgment in conformity with this Memorandum Opinion has this day entered.